UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO C. WHEATLEY, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SERGEANT D. DOMINGUEZ, et al.,<br><br>Defendants. | Case No. 1:20-cv-00481-BAK (SAB) (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 17) |

Plaintiff Ricardo C. Wheatley, Jr., is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On August 18, 2022, Plaintiff filed a motion for the appointment of counsel. (ECF No 17.) As grounds, Plaintiff states that he cannot afford to hire counsel; the issues in this case are complex; because he is in a mental hospital, he has limited access to the law library; and he has contacted two attorneys but was unable to obtain representation. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). The district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1    Without a reasonable method of securing and compensating counsel, the Court will seek
2    volunteer counsel only in the most serious and exceptional cases.  In determining whether
3    "exceptional circumstances exist, the district court must evaluate both the likelihood of success
4    on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
5    complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

6    The Court does not find that this case presents the required exceptional circumstances.
7    Even if it assumed that Plaintiff is not well-versed in the law and that he has made serious
8    allegations which, if proved, would entitle him to relief, this case is not exceptional.  The Court is
9    faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a
10   disadvantage due to his *pro se* status and her incarceration, the test is not whether Plaintiff would
11   benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th
12   Cir. 1986) ("Most actions require development of further facts during litigation and a pro se
13   litigant will seldom be in a position to investigate easily the facts necessary to support the case.")
14   The test is whether exception circumstances exist, and here, they do not.

15   At this stage of the proceedings, the Court cannot determine whether Plaintiff is likely to
16   proceed on the merits of his claim.  Circumstances common to most prisoners, such as lack of
17   legal education and limited law library access, do not establish exceptional circumstances that
18   would warrant a request for voluntary assistance of counsel.  Also, based on a review of the
19   record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.
20   Plaintiff is advised that in ruling on any matters, the Court will thoroughly review the record of
21   the case and research the relevant legal standards.

22   Accordingly, it is HEREBY ORDERED that Plaintiff's motion for the appointment of
23   counsel, (ECF No. 17), is DENIED without prejudice.

24
25   IT IS SO ORDERED.

26   Dated:   **August 22, 2022**                              _____
27                                                              UNITED STATES MAGISTRATE JUDGE
28

2