UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICARDO WHEATLEY,

Plaintiff,

v.

D. DOMINGUEZ, et al.,

Defendants.

Case No.: 1:20-cv-00481-CDB

**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND DEEM ADMISSIONS ADMITTED**

(Doc. 43)

Plaintiff Ricardo Wheatley is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment excessive force claims against Defendants Dominguez and Flores, Eighth Amendment failure to intervene claims against Dominguez, Denney, and Hernandez, and Eighth Amendment medical indifference claims against Dominguez, Denney, Flores, and Hernandez.

## I. INTRODUCTION[1]

The Court issued its Discovery and Scheduling Order on February 20, 2024. (Doc. 36.) The scheduling order included a discovery deadline of October 20, 2024, and a dispositive motion filing deadline of December 30, 2024. (*Id.*)

---

[1] This action was assigned to the undersigned "for all further proceedings including trial and entry of judgment" on March 1, 2024, following the consent of all parties. (*See* Doc. 39.)

On October 3, 2024, the Court granted Defendants' ex parte unopposed motion to extend the discovery and dispositive motion filing deadlines. (Doc. 42.) Specifically, the deadline for the completion of all discovery was extended to December 19, 2024, and the deadline for filing dispositive motions was extended to February 28, 2025. (*Id*. at 2.)

Defendants filed their motion to compel Plaintiff's discovery responses and to deem admissions admitted on December 19, 2024. (Doc. 43.) Plaintiff did not file an opposition or statement of non-opposition to Defendants' motion.

On January 6, 2025, Defendants filed a status update regarding their motion to compel. (Doc. 44.)

## II. DISCUSSION

### *Defendants' Motion*

Briefly stated, Defendants state they propounded the following discovery requests to Plaintiff on October 9, 2024: (1) Defendants' Requests for Admission, Set One; and (2) Defendants' Interrogatories, Set One. Responses were due within 45 days, or no later than November 25, 2024. Defendants contend that during Plaintiff's deposition of December 12, 2024, when defense counsel "explained that he had not received Plaintiff's discovery response," Plaintiff "replied that he did not respond" and indicated he would serve his responses. The following day, defense counsel sent a follow-up letter to Plaintiff concerning the late discovery responses and provided "a unilateral courtesy extension" to December 18, 2024. Defense counsel also advised Plaintiff he would move to compel responses and seek sanctions if Plaintiff did not provide responses. Defendants maintain Plaintiff has failed to respond to their discovery requests and ask the Court to grant their motion to compel Plaintiff's responses to the interrogatories served October 9, 2024. Further, Defendants argue this Court should deem their requests for admissions served October 9, 2024, admitted pursuant to Rule 36 of the Federal Rules of Civil Procedure.

### *Defendants' Status Update*

Defendants report that on December 31, 2024, defense counsel received an envelope containing Plaintiff's responses to Defendants' interrogatories and requests for admission.

Defendants contend Plaintiff's untimely responses do not resolve the pending motion because the responses are deficient "and effectively unresponsive." First, Defendants contend Plaintiff failed to sign the responses and did not include a proof of service. Second, Plaintiff's interrogatory responses lack the required verification —the date and a signature. Third, Defendants argue Plaintiff's responses to the request for admissions "are non-responsive" because the majority of those responses "fail to abide by his duty to admit or deny the requests." Fourth, Defendants maintain Plaintiff's responses to the request for admissions are late "which still renders his full admissions automatic." Defendants conclude that in light of those deficiencies, the motion "remains active—especially where Plaintiff has not signed responses."

***Analysis***

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). "'[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (quoting *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)) (alteration omitted).

<u>Interrogatories</u>

Defendants originally asserted that Plaintiff failed to respond to the interrogatories served October 9, 2024. Defendants contended that during his deposition last month Plaintiff admitted he did not respond to the interrogatories and advised defense counsel that he would serve responses to the discovery request.

Defendants served the following interrogatories to Plaintiff:

1. State the full names of all "officers" who were aware of your "mental break-down" as alleged in your Second Amended Complaint.
2. Describe all facts that show how you know "officers" alerted Defendant Denney to your "mental break-down" as alleged in your Second Amended Complaint.
3. Describe all facts that show how you know "officers" alerted Defendant Dominguez to

your "mental break-down" as alleged in your Second Amended Complaint.

4. Describe how long it took Denney to come to your cell after Denney was alerted to your "mental break-down" as alleged in your Second Amended Complaint.
5. Describe how long it took Dominguez to come to your cell after Dominguez was alerted to your "mental break-down" as alleged in your Second Amended Complaint.
6. State when you cut your wrist as alleged in your Second Amended Complaint — including the date and time.
7. State when you attempted to hang yourself as alleged in your Second Amended Complaint —including the date and time.
8. Describe what time you covered the windows of your cell with paper and cardboard before your incident with Defendants.
9. Explain why you covered the windows of your cell with paper and cardboard before your incident with Defendants.
10. Describe each prior occurrence where you attempted suicide—including the date, where you were housed, and how you attempted suicide.
11. Describe all facts that explain how you know Defendants Denney and Dominguez opened the "tr[a]y slot" as alleged in your Second Amended Complaint.
12. Describe all facts that explain how you know Defendants Denney and Dominguez noticed that you were "laying on the ground unresponsive" as alleged in your Second Amended Complaint.
13. Describe when you became responsive after being unresponsive as alleged in your Second Amended Complaint.
14. Describe all actions you took after Defendants opened the cell door.
15. Describe all of your injuries from the incident with Defendants.
16. Describe all medical care you received after the incident with Defendants.
17. State the amount of damages you are seeking in your lawsuit against Defendants.
18. Describe how you came up with the amount of damages in Interrogatory No. 17.

(Doc. 43-1 at 12-17.)

As noted in the status update filed by Defendants following the pending motion to compel, Plaintiff's interrogatory responses received by defense counsel on December 31, 2024, are unsigned (*see* Doc. 44-1 at 4-10, 14) and therefore incomplete. Discovery responses must be signed and dated. *See* Fed. R. Civ. P. 26(g)(1)(A)-(B) (signature requirements and effect). Hence, Defendants' motion to compel, concerning the interrogatories, will be granted in part and Plaintiff will be directed to provide properly verified interrogatory responses to Defendants within 14 days.

<u>Admissions</u>

Defendants originally contended Plaintiff failed to respond to the request for admissions served October 9, 2024. Defendants contended that during his deposition last month Plaintiff admitted he did not respond to the request for admissions. Defendants asked the Court to deem the request for admissions admitted pursuant to Rule 36(a)(3).

Defendants sought the following requests for admissions from Plaintiff:

1. Admit the incident with Defendants occurred on July 18, 2019.
2. Admit that none of the Defendants saw you before you cut your wrist.
3. Admit that none of the Defendants saw you before you attempted to hang yourself.
4. Admit that you covered the windows of your cell with paper and cardboard before your incident with Defendants.
5. Admit that you did not respond to Defendant Denney's attempts to communicate with you before Defendants entered your cell.
6. Admit that you were on the ground of your cell with a bedsheet around your neck before correctional staff entered your cell.
7. Admit that you heard one of the Defendants request medical assistance.
8. Admit that you stood up when the correctional staff opened your cell door.
9. Admit that you moved toward the correctional staff when they opened your cell door.

(Doc. 43-1 at 5-7.)

Rule 36 provides in relevant part:

///

> *Time to Respond; Effect of Not Responding*. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3). A failure to timely respond to requests for admissions results in automatic admission of matters requested, even if requesting party makes no motion to establish admissions; the rule is self-executing. *Smith v. Pac. Bell Tel. Co.*, 662 F.Supp.2d 1199, 1229 (E.D. Cal. 2009) (citing *Fed. Trade Comm'n v. Medicor*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002)). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007) (quoting Fed. R. Civ. P. 36(b)).

Here, as indicated in Defendants' status update, Plaintiff responded to Defendants' request for admissions on December 18, 2024. (*See* Doc. 44-1 at 11-13.) Nonetheless, Defendants argue the responses are largely unresponsive, late—and as such, already admitted—and are unsigned.

First, the Court agrees Plaintiff's responses to Defendants' requests for admissions are largely unresponsive. Rule 36 provides in relevant part: "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). Plaintiff neither expressly admitted nor expressly denied any of the twelve requests. A careful review of Plaintiff's responses reveals Plaintiff's several responses to Defendants' requests are unresponsive. For example, in request number 1, Plaintiff was asked to admit that the incident in question occurred on July 18, 2019. Plaintiff's response is as follows: "Plaintiffs felt suicidal because of misconduct by a staff member working on the floor on July 19, 2019 and was assaulted by defendants on July 18, 2019." It is unclear whether Plaintiff admits or denies the incident occurred on July 18, 2019, or how his response might amount to a partial denial. By way of another example, in request number 2, Plaintiff was asked to admit "that none of the Defendants saw you before you cut your

wrist." Plaintiff responds, "Plaintiff then cut his wrist with an open razor, causing bleeding. Plaintiff yelled to tower officer Hernandez that he needed medical treatment." Plaintiff's response in no way addresses whether any defendant *saw* him before he cut his wrist. Plaintiff's response to request number 3 is similar; asked to admit that no defendant "saw" him before he attempted to hang himself, Plaintiff wrote: "Plaintiff cut up a sheet and tried to hang himself, that's when Sgt D. Dominguez states his name and to remove the window covering." Again, Plaintiff's response in no way addresses whether any defendant *saw* him before he attempted to hang himself. Plaintiff will be directed to resubmit his responses to the requests for admissions by expressly admitting or denying each request and by providing any additional information that is *fairly responsive to the request*. Said another way, Plaintiff should first state whether he admits or denies each particular request. Second, to the extent Plaintiff seeks to explain his admission or denial for each request, he should respond to the language used in that specific request.

To the extent Defendants argue Plaintiff's responses received by defense counsel on December 31, 2024, are late, the Court is not persuaded. The envelope accompanying Plaintiff's responses is dated "12-18-24" and includes a staff name of "Adgweye," badge number of "90221," and a staff signature. (Doc. 44-1 at 17.) *See, e.g., Houston v. Lack*, 487 U.S. 266, 270 (1988) (pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions); *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *2 (E.D. Cal. Sept. 17, 2015) ("Although the parties dispute the calculation of the date on which plaintiff served these discovery requests, the court finds that the appropriate date is May 28, 2015, by application of the prison mailbox rule"). And defense counsel's letter of December 13, 2024, states: "As a courtesy, I will permit you to serve your full, substantive responses on or before **<u>December 18, 2024</u>**." (*See* Doc. 43-1 at 22, emphasis in original.) Thus, while Plaintiff's responses are somewhat deficient, they were timely submitted after the extension granted by Defendants. Relatedly, the Court finds Defendants' assertion that Plaintiff's late responses "render[] his full admissions automatic" equally unpersuasive. The responses are not

late, and thus, are not self-executing so as to be admitted. *See Smith*, 662 F.Supp.2d at 1229; *cf. Lanier v. San Joaquin Valley Officials Ass'n*, No. 1:14-CV-01938-EPG, 2016 WL 4764669, at *5 (E.D. Cal. Sept. 12, 2016) (declining to consider defendant's requests for admission deemed admitted, notwithstanding plaintiff did not timely respond, given that plaintiff did serve amended responses).

Plaintiff's responses to Defendants' requests for admissions are timely. Nevertheless, the responses are lacking verification and require supplementation to include an express "admit" or "deny" response and to fairly respond to the substance of each request, as explained above. Plaintiff will be directed to provide an amended response to Defendants within 14 days.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Defendants' motion to compel (Doc. 43) is **GRANTED in PART and DENIED in part**;
2. Plaintiff **SHALL** provide the required verification for his responses to the interrogatories served October 9, 2024, **within 14 days** of the date of this order, by re-serving Defendants with a properly completed response; and
3. Plaintiff **SHALL** amend his responses to the request for admissions served October 9, 2024, **within 14 days** of the date of this order, by re-serving Defendants with a properly completed response, to (1) include a verification, (2) expressly "admit" or "deny" each request, and (3) fairly respond to the substance of the request.

**Any failure by Plaintiff to timely comply with this Order may result in the imposition of sanctions, up to and including dismissal of this action.**

IT IS SO ORDERED.

Dated: **January 16, 2025**

UNITED STATES MAGISTRATE JUDGE